**Jose Rolando CALDERON, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–77323.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008.*

Filed Jan. 28, 2008.

Jose Rolando Calderon, Las Vegas, NV, pro se.

NVL–District Counsel, Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, Esq., Edward C. Durant, Esq., Edward C. Durant, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN and PAEZ, Circuit Judges.

MEMORANDUM **

Jose Rolando Calderon, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' decision summarily affirming an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

Substantial evidence supports the IJ's denial of asylum because Calderon only described incidents of generalized violence, and provided no evidence that he or members of his family were singled out for persecution in the past or would be in the future based on an imputed political opinion. *See Ochave v. INS*, 254 F.3d 859, 865

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(9th Cir.2001) ("Asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground.").

Because Calderon failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Mansour v. Ashcroft,* 390 F.3d 667, 673 (9th Cir.2004).

Calderon failed to establish a CAT claim because he did not show that it was more likely than not that he would be tortured if he returned to El Salvador. *See Kamalthas v. INS,* 251 F.3d 1279, 1283–84 (9th Cir.2001).

We conclude that the BIA did not violate Calderon's due process rights by issuing a streamlined decision without an opinion. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850–53 (9th Cir.2003).

We dismiss Calderon's claim that the IJ and BIA violated his due process by failing to advise him that he might be eligible for Temporary Protected Status, because he failed to exhaust it before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.